Defendant-appellant, Kathleen A. Staggs, appeals her conviction for driving under the influence of alcohol in violation of City of Mason Ordinance 333.01(A)(1) and (3). In a single assignment of error, appellant argues that the trial court erred in denying her motion to suppress evidence because the stop of her vehicle was unreasonable and unlawful. We affirm.
At the hearing on the motion to suppress, Patrolman Jeff McDaniel of the Mason Police Department testified that about 2:00 a.m. on March 1, 1997, he observed appellant's vehicle traveling westbound on Mason Road. McDaniel noticed that appellant was weaving in her lane of travel. "[Appellant's vehicle] would weave within the lane to where it would touch the middle dividing lines and then also back over to the white line along the curb of the roadway." McDaniel followed appellant for approximately one-half mile during which time he saw her vehicle touch the center line twice and the white edge line twice. McDaniel then pulled appellant over.
Upon speaking with appellant, McDaniel noticed a moderate smell of alcohol about her. He asked appellant for her driver's license, but appellant responded that she did not have it with her because it was under suspension for a prior DUI arrest. McDaniel asked appellant to perform three field sobriety tests — the ninesteps-heel-to-toe test, the one-leg stand, and the finger-to-nose test — all of which appellant failed. McDaniel arrested appellant for driving under the influence of alcohol. Appellant was also charged with weaving in violation of Mason Ordinance 331.34 and driving under suspension in violation of Mason Ordinance 335.07(A)-(1). Appellant filed a motion to suppress evidence on the ground, inter alia, that the stop was unlawful. After a hearing, the trial court denied the motion. Appellant subsequently entered a no contest plea to the charge against her and was convicted. This appeal followed.
In her sole assignment of error, appellant complains that the trial court erred in denying her motion to suppress evidence. Appellant contends that "[a] minor flaw in driving does not provide the grounds for a police officer to make a valid investigatory stop of the driver."
When a police officer makes an investigatory stop of a vehicle, the officer must have a reasonable and articulable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law. Delaware v. Prouse (1979),440 U.S. 648, 661, 99 S.Ct. 1391, 1400. The officer must have "specific and articulable facts, which, taken together with rational inferences from these facts, reasonably warrant that intrusion." Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868,1880. "[W]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid." Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus.
When considering a motion to suppress evidence, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20. A ruling by the trial court will not be disturbed on appeal if it is supported by substantial and credible evidence. State v. Williams (1993), 86 Ohio App.3d 37,41; State v. Cole (Jan. 24, 1994), Butler App. No. CA93-07-147, unreported, at 2. The court of appeals will independently determine whether minimum constitutional standards are met. Williams at 41.
After reviewing the record, we find that the decision of the trial court to overrule the motion to suppress was proper and supported by substantial and credible evidence. The initial traffic stop was based on the officer's observation that appellant was weaving in violation of a city of Mason ordinance. Accordingly, we find that the stop was justified. Dayton. See, also, Whren v. U.S. (1996), 517 U.S. 806, 116 S.Ct. 1769, 1772
(an officer's observation of a traffic violation justifies an investigative stop). Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.